## Commonwealth, to use, v. Cherksey et al.

*Edward Foulke*, for Commonwealth.
*Elmer L. Menges*, for defendants.

CORSON, J., April 13, 1948.—Defendant, Leon Cherksey, on April 7, 1947, filed a petition for allowance of appeal from summary conviction and fine of $50, alleged to have been imposed by a justice of the peace for violation of the Lower Gwynedd Township Zoning Ordinance. The court entertained this petition and by agreement of the district attorney the rule granted upon such petition was made absolute and appeal allowed. This case illustrates the value of the rule of court requiring that a copy of the transcript of the

justice of the peace be attached to the petition for allowance of appeal.

After the appeal had been allowed the clerk of courts notified the justice of the peace of the allowance of such appeal, whereupon the justice returned his transcript to this court. Certain facts were stipulated and argument was heard before a trial judge. A brief was filed by counsel for the township but no brief has yet been submitted by counsel for defendant appellant.

An examination by the trial judge of the transcript now discloses that defendant, Leon Cherksey, did not have a hearing and was not fined. Since this court only has jurisdiction upon appeal from the action of the justice of the peace, we are without jurisdiction when the justice of the peace has not acted. The transcript of the justice of the peace clearly sets forth that defendant, when called, waived a hearing.

Such a hearing cannot be waived except under special statutory authority—special cases such as summary cases under The Vehicle Code. This is brought in the form of a criminal prosecution and not a suit for a fine or a penalty, and therefore the justice of the peace must hear the case before it can be heard before the court of quarter sessions upon appeal.

We cannot find defendant guilty or not guilty since there is no jurisdiction in the court and it follows that the appeal must be stricken off. While the petition for allowance of an appeal sets forth that defendant's case was heard and that he was fined, yet no testimony to such effect was heard in court and even if such testimony had been given the transcript of the justice of the peace has not been questioned and therefore must be accepted as true.

While it is, of course, purely dictum, it would seem that the proper way to bring the questions here raised before the court would be by proceedings under the ordinance, with an appeal to the board of adjustment from the refusal of a permit, etc. Criminal proceedings,

while of course they may be brought, do not seem to be the best way to determine rights of use under a zoning ordinance.

And now, April 13, 1948, for the reasons given, the above defendant's appeal is stricken off without prejudice, however, that if, within 30 days, the record can be corrected so that the transcript will show the facts alleged in the petition for appeal, such appeal will be thereupon reinstated.